DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. A jury found Michael E. Lute, defendant below and appellant herein, guilty of (1) the illegal manufacture of drugs in violation of R.C. 2925.04(A); and (2) the illegal possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A).
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR: *Page 2 
 "WHETHER THE TRIAL COURT ERRED WHEN IT ENTERED JUDGEMENT AGAINST THE APPELLANT FOR THE CHARGE OF ILLEGAL MANUFACTURE OF METHAMPHETAMINE WHEN THE EVIDENCE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO SUSTAIN A CONVICTION." [sic]
 SECOND ASSIGNMENT OF ERROR:
 "WHETHER THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE APPELLANT FOR THE CHARGE OF ILLEGAL POSSESSION OF CHEMICALS FOR THE MANUFACTURE OF METHAMPHETAMINE WHEN THE EVIDENCE [sic] WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO SUSTAIN A CONVICTION."
 {¶ 3} In the summer of 2007, appellant lived in a mobile home on Johnson Road in McDermott. Scioto County Deputy Sheriff Darren Fike was dispatched to that area on July 16, 2007 to investigate a strong odor that neighbors had reported. Deputy Fike traced the smell, later identified as ether, to the vicinity of appellant's home. Deputy Fike soon discovered appellant and what appeared to be a methamphetamine lab.
 {¶ 4} Subsequently, the Scioto County Grand Jury returned an indictment charging appellant with the aforementioned crimes. At a two day trial, Deputy Fike and Deputy Adam Giles testified about the items found in and around the mobile home. The defense called several witnesses who testified that they did not believe that appellant manufactured drugs. One witness, Paul Thompson, testified that appellant was rarely at the location. Thompson also stated that various individuals frequently appeared at the property, and thus suggested that the meth lab and chemicals may *Page 3 
have belonged to someone else.
 {¶ 5} After hearing the evidence, the jury returned guilty verdicts on both counts. The trial court ordered that appellant serve five years in prison for the illegal manufacture of drugs, three years for the possession of chemicals, and that the sentences be served concurrently for a total of five years imprisonment. This appeal followed.
 {¶ 6} We jointly consider appellant's assignments of error because they raise similar issues. Appellant asserts that insufficient evidence was adduced at trial to support either conviction and that both are also against the manifest weight of the evidence. We disagree.
 {¶ 7} We begin our analysis by noting that "sufficiency of the evidence" challenges and "manifest weight of the evidence" challenges are conceptually different. State v. Wilson, 113 Ohio St.3d 382,865 N.E.2d 1264, 2007-Ohio-2202, at ¶ 25; State v. Johnson (2000),88 Ohio St.3d 95, 112, 723 N.E.2d 1054; State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541, at paragraph two of the syllabus. Thus, before we turn our attention to the evidence adduced at trial, we pause to outline the appropriate standards of review.
 {¶ 8} When reviewing the sufficiency of the evidence, appellate courts must look to the adequacy of the evidence and whether that evidence, if believed, supports a finding of guilt beyond a reasonable doubt.Thompkins, supra at 386; State v. Jenks (1991), 61 Ohio St.3d 259, 273,574 N.E.2d 492. In other words, after viewing all the evidence, and each inference reasonably drawn therefrom, in a light most favorable to *Page 4 
the prosecution, would any rational trier of fact have found all essential elements of the offense beyond a reasonable doubt? State v.Were, 118 Ohio St.3d 448, 890 N.E.2d 263, 2008-Ohio-2762; at ¶ 132;State v. Hancock, 108 Ohio St.3d 57, 840 N.E.2d 1032, 2006-Ohio-160, at ¶ 34; State v. Jones (2000), 90 Ohio St.3d 403, 417, 739 N.E.2d 300.
 {¶ 9} When reviewing a claim that a verdict is against the manifest weight of the evidence, an appellate court may not reverse the conviction unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v.Earle (1997), 120 Ohio App.3d 457, 473, 698 N.E.2d 440; State v.Garrow (1995), 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814; State v.Bowers, Hocking App. No. 06CA7, 2007-Ohio-3986, at ¶ 38. A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all elements of an offense have been proven beyond a reasonable doubt. State v.Johnson (1991), 58 Ohio St.3d 40, 41, 567 N.E.2d 266; State v.Eskridge (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus. After our review of the trial transcript and the evidence adduced at trial in the case sub judice, we find no reversible error under either argument.
 {¶ 10} R.C. 2925.04(A) prohibits, inter alia, the knowing manufacture or production of a controlled substance. R.C. 2925.041(A) prohibits the possession of chemicals necessary to engage in the manufacture or production of controlled substances. Deputies Fike and Giles both testified that a "meth lab" was observed on appellant's property. Both confirmed the presence of apparatuses necessary to manufacture methamphetamine (mason jars, plastic tubing, oxygen cylinder, etc.), as *Page 5 
well as the presence of necessary chemical elements (lithium battery strips, ether, ephedrine, sulfuric acid, etc.). Appellant also admitted to the deputies that he resided at the mobile home. In light of this testimony, sufficient evidence supports the jury's verdicts and we are not persuaded that the jury "clearly lost its way" in returning those verdicts.
 {¶ 11} Appellant, however, does not contest that a meth lab was operated on the property or that sufficient chemicals were at the location to engage in the production of methamphetamine. Rather, appellant argues that Deputy Fike did not apprehend him in the act of manufacturing methamphetamine or in exercising control over either the meth lab or the requisite chemicals. We are not persuaded.
 {¶ 12} Deputies Fike and Giles both testified that appellant admitted that he resided at the premises in question. James Woodard, one of appellant's own witnesses, also testified that appellant lives there. Moreover, when Deputy Fike was dispatched to the area to investigate the suspicious odor, he determined that the ether smell emanated from appellant's property and that he "ran into" appellant as he approached the mobile home. Also, no other persons were on the premises during appellant's arrest or during the mobile home's search. From this evidence, the jury could reasonably conclude that appellant operated the lab and possessed the chemicals.
 {¶ 13} Appellant also cites Paul Thompson's "uncontroverted" testimony that appellant does not stay at the property on a consistent basis and that other people routinely visit. The obvious implication here is that other people operated the lab. We reject this notion, however. First, a trier of fact must determine questions of evidentiary *Page 6 
weight and witness credibility. State v. Dye (1998), 82 Ohio St.3d 323,329, 695 N.E.2d 763; State v. Frazier (1995), 73 Ohio St.3d 323, 339,652 N.E.2d 1000. A jury, as the trier of fact, is free to believe all, part or none of the testimony of any witness who appears before it. SeeState v. Long (1998), 127 Ohio App.3d 328, 335, 713 N.E.2d 1; State v.Nichols (1993), 85 Ohio App.3d 65, 76, 619 N.E.2d 80. The reasons for such deference is obvious — a jury is in the best position to view the witnesses and to observe their demeanor, gestures and voice inflections, and then to use those observations to assess credibility. See Myers v.Garson (1993), 66 Ohio St.3d 610, 615, 614 N.E.2d 742; Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Therefore, appellate courts should not generally second guess jury decisions on questions of evidentiary weight and credibility. See State v.Vance, Athens App. No. 03CA27, 2004-Ohio-5370, at ¶ 10; State v.Baker (Sep. 4, 2001), Washington App. No. 00CA9. In the case sub judice, the jury may well have opted to discount Thompson's testimony as not credible, and that is entirely within its authority.
 {¶ 14} Second, even if Thompson was deeded a credible witness, and even if other people may have been at the property when appellant was absent, we again point out that appellant was found at the location when Deputy Fike sought the source of the ether odor. Appellant admitted to Deputy Fike that he lived at that location and no evidence was introduced to indicate that someone else was at the property. Thus, even if we assume for purposes of argument that other people may have also used the property to manufacture "meth," a reasonable trier of fact could conclude that on this day, appellant engaged in the manufacturing process and had control over the requisite chemicals. *Page 7 
 {¶ 15} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. McFarland, J.: Concur in Judgment Opinion *Page 1